UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| ALLAN WAYNE BRADBERRY #00560139, | ) ) ) |
| Plaintiff, | ) No. 1:24-cv-00097 ) |
| v. | ) ) |
| S.C.O. f/n/u GARSKA, | ) ) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER

This is a pro se prisoner civil rights case filed by Allan Wayne Bradberry, an inmate of South Central Correctional Facility in Clifton, Tennessee. (Doc. No. 1). Plaintiff paid the filing fee. (Doc. No. 7).

### I. PLRA SCREENING OF THE COMPLAINT

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"). 28 U.S.C. § 1915A requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B).[1]

The court must construe a pro se complaint liberally, United States v. Smotherman, 838 F.3d 736, 739 (6th Cir. 2016) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. See Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)).

---

[1] Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief.

1

Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**A. Section 1983 Standard**

Plaintiff brings his claims under 42 U.S.C. § 1983 which creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009) (quoting Sigley v. City of Panama Heights, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

**B. Facts Alleged in the Complaint[2]**

The complaint alleges that, due to spinal fractures, ruptured discs, and fibromyalgia, Plaintiff has used a back brace since 2013. Since his arrest in 2014, Plaintiff has used the back brace in a county jail and in three different prisons operated by the Tennessee Department of Correction ("TDOC"). Plaintiff's back brace was approved as "medical treatment" by TDOC.

On October 27, 2023, Plaintiff was to be transported from the South Central Correctional Facility to a hospital in Jackson, Tennessee, for surgery. Prior to transport, Officer Garska confiscated Plaintiff's back brace. A male officer then returned the brace to Plaintiff. Nurse Heather Banks was called to the transportation van; she examined and approved Plaintiff's use of the back

---

[2] The allegations of the complaint are assumed true for purposes of the required PLRA screening.

brace during transport, acknowledging "the back brace was not issued here but nonetheless was appropriate for [Plaintiff's] back injury." (Doc. No. 1-1 at 1). Plaintiff was searched, handcuffed, and shackled. Defendant Garksa nevertheless "ripped" off Plaintiff's back brace, "stating that she did not feel comfortable with [Plaintiff] wearing the brace." (Id.) Plaintiff endured "excruciating pain" during transport. (Id.) After returning to the facility, a male officer returned the brace to Plaintiff, after which Defendant Garska confiscated the brace and gave it to medical staff.

Plaintiff believes that Defendant's confiscation of Plaintiff's back brace constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. He seeks compensatory and punitive damages as well as life-long medical care.

**C. Analysis**

The complaint alleges one claim: an Eighth Amendment claim against Defendant f/n/u Garska in her individual capacity. (See Doc. No. 1 at 2). Defendant Garska is a senior correctional officer at the South Central Correctional Facility, which is operated by CoreCivic.

The Eighth Amendment to the United States Constitution[3] requires that inmates be provided with reasonably adequate food, clothing, shelter, sanitation, recreation, and medical care. See Grubbs v. Bradley, 552 F. Supp. 1052, 1119-24 (M.D. Tenn. 1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. See Bellamy v. Bradley, 729 F.2d 416, 419 (6th Cir. 1984). The United States Supreme Court has held that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and

---

[3] The Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to provide humane conditions of confinement, which includes appropriate medical care to inmates. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (citations omitted). The Due Process Clause of the Fourteenth Amendment incorporates these protections for pretrial detainees. Winkler v. Madison Cnty., 893 F.3d 877, 890 (6th Cir. 2018). The Eighth Amendment properly applies to Plaintiff's claim as he states that he is a convicted prisoner, not a pre-trial detainee. (See Doc. No. 1 at 4).

3

wanton infliction of pain proscribed by the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Brooks v. Celeste, 39 F.3d 125, 127 (6th Cir. 1994).

A claim of deliberate indifference to a prisoner's medical needs under the Eighth Amendment has both an objective and subjective component. Rouster v. Cnty. of Saginaw, 749 F.3d 437, 446 (6th Cir. 2014). A plaintiff satisfies the objective component by alleging that the prisoner had a medical need that was "sufficiently serious." Id. (quoting Farmer, 511 U.S. at 834). A plaintiff satisfies the subjective component "by alleging facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." Id. Stated differently, a plaintiff must show that the defendant had "a sufficiently culpable state of mind in denying medical care." Blackmore v. Kalamazoo Cnty., 390 F.3d 890, 895 (6th Cir. 2004) (citations and internal quotation marks omitted).

A medical need is "sufficiently serious" if it either "has been diagnosed by a physician as mandating treatment" or "is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Gunther v. Castineta, 561 F. App'x 497, 499 (6th Cir. 2014) (quoting Harrison v. Ash, 539 F.3d 510, 518 (6th Cir. 2008)). Here, Plaintiff has alleged a sufficiently serious medical need to wear a doctor-prescribed back brace due to multiple spinal fractures and ruptured discs. See LeClaire v. Parish, No. 22-CV-10726, 2022 WL 2119540, at *3 (E.D. Mich. June 13, 2022) (finding that prisoner-plaintiff's "potential spinal and internal injuries" were a sufficiently serious medical need).

The complaint also alleges that Defendant Garska subjectively perceived facts from which to infer that if Plaintiff did not wear the back brace during transport to a outside hospital and while inside the prison, Plaintiff would experience significant pain and possible further injuries; Garska

4

in fact drew the inference; and Garska then disregarded that risk by taking Plaintiff's back brace from him during transport and upon return to prison.

The Sixth Circuit has recognized that generally "a non-medically trained officer does not act with deliberate indifference to an inmate's medical needs when he reasonably deferred to [a] medical professionals' opinions." Greene, 22 F.4th at 608 (internal quotations omitted); see also Smith v. Cnty. of Lenawee, 505 F. App'x 526, 532 (6th Cir. 2012) ("[I]f a prisoner is under the care of medical experts . . . , a non-medical prison official will generally be justified in believing that the prisoner is in capable hands.") (quoting Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004)); Newberry v. Melton, 726 F. App'x 290, 296-97 (6th Cir. 2018) (same). Here, however, the complaint alleges that Defendant Garska removed Plaintiff's back brace even after a registered nurse examined Plaintiff and his back brace and approved Plaintiff's use of the brace during transport. The Court finds that Plaintiff's allegations are sufficient to survive the required initial screening of this claim. See Jones v. Warren County Regional Jail, No. 1:23-V-00122-JHM, 2025 WL 1184125, at *7 (W.D. Ky. Apr. 23, 2025) (noting that the court had permitted prisoner's claim to go forward on initial review "because it could possibly be inferred from the right-hand brace that Plaintiff had a pre-existing injury to his hand and removal of Plaintiff's medical equipment could have resulted in more serious injury") (citing Robinson v. Brege, No. 1:20-CV-449, 2021 WL 5495899, at *3 (W.D. Mich. Oct. 19, 2021) (citing Egberto v. Nevada Dep't of Corrs., 678 F. App'x 500, 504-05 (9th Cir. 2017)) (applying deliberate indifference standard to prisoner's claim that the defendants confiscated his walker that a doctor had recommended he use; "[s]ince this denial ran counter to the instructions of the prisoner's treating physician, it could support a finding of deliberate indifference" (internal quotation marks and brackets omitted)). This claim, against Defendant Garska in her individual capacity, shall proceed for further development.

## II. CONCLUSION

Having conducted the screening required by the PRLA, the Court finds that the allegations of the complaint state a colorable Eighth Amendment claim under Section 1983 against Defendant Garska in her individual capacity for removing Plaintiff's back brace on October 27, 2023. This action shall proceed as to that claim.

Accordingly, the Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons (AO 440) and USM 285 form) for Defendant Garska. Plaintiff **MUST** complete the service packet and return it to the Clerk's Office within **30 DAYS** of the entry of this Order. Failure to do so may result in the dismissal of this case. Upon return of the properly completed service packet, the Clerk is **DIRECTED** to issue summons to the U.S. Marshals Service for service on Defendant S.C.O. f/n/u Garska. Fed. R. Civ. P. 4(b) and 4(c)(3).

Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), this action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pre-trial, non-dispositive motions, to issue a Report and Recommendation on all dispositive motions, and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court.

The Court's determination that the complaint states a colorable claim for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for seasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude Defendant from filing a motion to dismiss under Federal Rule of Civil Procedure 12. Plaintiff is forewarned that his prosecution of this action will be jeopardized if he should fail to keep the Clerk's Office informed of his current address.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE